IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, <br><br> Plaintiff, <br><br> vs. <br><br> JUDGE BATALION, in Individual capacities; JUDGE RICHARD KOPF, in Individual capacities; BRENDA MAE STINSON, in Individual capacities; BOWER, in Individual capacities; HOWARD, in Individual capacities; QUARRY, in Individual capacities; DUSTIN H. BOWER, in Individual capacities; JUSTIN R. BOWER, in Individual capacities; PIERCE L. BOWER, in Individual capacities; DRUE L. BOWER, in Individual capacities; VALERIE NOBLE BOWER, in Individual capacities; JAY GLENN STINSON, in Individual capacities; JEAN STINSON, in Individual capacities; TYLER STINSON, in Individual capacities; RYAN STINSON, in Individual capacities; SPENCER STINSON, in Individual capacities; ROILYN STINSON, in Individual capacities; ARMSTRONG, LPD, in Individual capacities; KIM DUMASS, Developmental Disabilities, in Individual capacities; TAYLOR DARO, in Individual capacities; EVON MOODS, in Individual capacities; TONY GREEN, in Individual capacities; TAMMY, BSDC, in Individual capacities; CRYSTLE BROWN, BSDC, in Individual | 8:25CV192 <br><br> **MEMORANDUM AND ORDER** |

capacities; MELISSA KING, BSDC, in Individual capacities; DEVIN CHOAT, BSDC, in Individual capacities; JESSICA ACOSTA, BSDC, in Individual capacities; ASHELY LEFTY, BSDC, in Individual capacities; LEE TIMAN, Beatrice Attorney, in Individual capacities; TIMM, Beatrice Judge, in Individual capacities; GUSTUSEN, Shieriff, in Individual capacities; MALINDA, Beatrice Sheriff, in Individual capacities; TREVOR, in Individual capacities; TERRI WAGNER, Lancaster County Sheriff, in Individual capacities; HARTMAN, Lancaster County psych Ph.d., in Individual capacities; CLAUDIUS, First name, M.D., in Individual capacities; TODD C. MOLVAR, Public Defender, in Individual capacities; CHRISTOPHER TURNER, Deputy County Attorney, in Individual capacities; TURNER, Lancaster County Jail Officer, in Individual capacities; GREGERY, Officer, in Individual capacities; PATRICK CONDON, County Attorney, in Individual capacities; HASTINGS NE, LINDSY HEMBERGER, , in Individual capacities; WENTZ, NDCS Sgt., in Individual capacities; KERN PAULSON, NDCS, in Individual capacities; ELEZEBETH HICKMAN, NDCS, in Individual capacities; GINA JOHNSON, NDCS, in Individual capacities; HOFFMAN, NDCS, Corpl., in Individual capacities; GRANT JENSEN, NDCS, in Individual capacities; KIM ISEBLE, NDCS, in Individual capacities; ERIC

2

| |
|---|
| STIEGERT, NDCS, in Individual capacities; CODY MILLER, NDCS Cpl., in Individual capacities; ANNA LEWIS, NDCS, in Individual capacities; WAGNER, NDCS, in Individual capacities; ANDREW CARICO, NDCS, in Individual capacities; KENETH BUCKINGHAM, inmate, in Individual capacities; ANDY, Inmate, in Individual capacities; BRIAN ANDERSON, inmate, in Individual capacities; and AUSTIN JORDI, inmate, in Individual capacities; |
| Defendants. |

This matter is before the Court on its own motion. Plaintiff filed a Complaint, Filing No. 1, on March 14, 2025. However, Plaintiff failed to include the $405.00 filing and administrative fees. Plaintiff has the choice of either submitting the $405.00 filing and administrative fees to the Clerk's office or submitting a request to proceed in forma pauperis ("IFP").[1] Failure to take either action within 30 days will result in the Court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff is directed to submit the $405.00 fees to the Clerk's office or submit a request to proceed in forma pauperis within 30 days. Failure to take either action will result in dismissal of this matter without further notice.

---

[1] If Plaintiff is granted leave to proceed IFP in this matter, he will be allowed to pay the Court's $350 filing fee in installments. *See* 28 U.S.C. § 1915(b)(1); *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997). He would not be subject to the $55.00 administrative fee assessed to non-IFP plaintiffs. Prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b).

3

2. The Clerk of the Court is directed to send to Plaintiff the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

3. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **April 23, 2025**: Check for MIFP or payment.

Dated this 24th day of March, 2025.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Senior United States District Judge

4