IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, | |
| Plaintiff, | **8:25CV192** |
| vs. | |
| JUDGE BATALION, in Individual capacities; et al.; | **MEMORANDUM AND ORDER** |
| Defendants. | |

  This matter is before the Court on what have been docketed as two Motions for Leave to Proceed in Forma Pauperis ("IFP") filed by Plaintiff Austin Edward Lightfeather on April 3 and April 7, 2025, respectively. Filing No. 5; Filing No. 6. For the reasons that follow, Plaintiff's April 3, 2025, motion (the "First Motion") will be denied as moot, and the Court will require Plaintiff to show cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(g).

  Plaintiff's First Motion is captioned as a "Motion [for] Leave to Proceed In Forma Pauperis," Filing No. 5 at 1, but the First Motion does not comply with the terms of 28 U.S.C. § 1915, the statute authorizing proceedings in forma pauperis. *See* 28 U.S.C. § 1915(a)(1) (requiring the plaintiff to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor"). As Plaintiff filed a second IFP motion (the "Second Motion") on April 7, 2025, that does comply with 28 U.S.C. § 1915, *see* Filing No. 6 at 2, 4, the Court will deny the First Motion as moot.

With respect to Plaintiff's Second Motion, the Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot

> bring a civil action . . . or proceeding [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

The Court has previously determined that three or more federal court cases brought by Plaintiff, while a prisoner, were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See, e.g.*, *Lightfeather v. McSwine*, No. 8:22-cv-00238-JFB-PRSE (D. Neb.) (Filing No. 11, finding Plaintiff has "three strikes" and dismissing complaint pursuant to 28 U.S.C. §1915(g)). Previous cases brought by Plaintiff that were dismissed include: *Lightfeather v. Prey et al*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 16, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on April 8, 2022, after Plaintiff failed to amend complaint); *Lightfeather v. Green et al*, No. 8:21-cv-00208-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 12, 2021, after Plaintiff failed to amend complaint); *Lightfeather v. Ricketts et al*, No. 8:21-cv-00165-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 7, 2021, after Plaintiff failed to amend complaint); *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.) (Filing Nos. 112 & 113, May 24, 2021 Memorandum and Order and Judgment dismissing Plaintiff's second amended complaint for failure to state a claim and for being frivolous); *Lightfeather v. Beatrice Sun Times, et al*, No. 8:21-cv-00114-RGK-PRSE (D. Neb.) (Filing Nos. 14 &

15, May 19, 2021 Memorandum and Order and Judgment dismissing Plaintiff's complaint as frivolous).

In light of the foregoing, the Court will give Plaintiff 30 days in which to show cause why this case should not be dismissed pursuant to the provisions of 28 U.S.C. §1915(g) or, in other words, to show cause why the immediate danger exception is applicable to him. Alternatively, Plaintiff may pay the Court's $405.00 filing and administrative fees within 30 days. In the absence of good cause shown, or the payment of the necessary fees, this matter will be dismissed without further notice.

IT IS THEREFORE ORDERED:

1. Plaintiff's First Motion, Filing No. 5, is denied as moot.

2. Plaintiff has 30 days from the date of this Memorandum and Order to either show cause why this case should not be dismissed pursuant to 28 U.S.C. §1915(g) or pay the Court's $405.00 filing and administrative fees. In the absence of either action by Plaintiff, this matter will be dismissed without further notice.

3. The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **May 29, 2025**: deadline for Plaintiff to show cause or pay fees.

Dated this 29th day of April, 2025.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Senior United States District Judge