IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, | |
| Plaintiff, | 8:25CV192 |
| vs. | **MEMORANDUM AND ORDER** |
| JUDGE BATALION, in Individual capacities; JUDGE RICHARD KOPF, in Individual capacities; BRENDA MAE STINSON, in Individual capacities; BOWER, in Individual capacities; HOWARD, in Individual capacities; QUARRY, in Individual capacities; DUSTIN H. BOWER, in Individual capacities; JUSTIN R. BOWER, in Individual capacities; PIERCE L. BOWER, in Individual capacities; DRUE L. BOWER, in Individual capacities; VALERIE NOBLE BOWER, in Individual capacities; JAY GLENN STINSON, in Individual capacities; JEAN STINSON, in Individual capacities; TYLER STINSON, in Individual capacities; RYAN STINSON, in Individual capacities; SPENCER STINSON, in Individual capacities; ROILYN STINSON, in Individual capacities; ARMSTRONG, LPD, in Individual capacities; KIM DUMASS, Developmental Disabilities, in Individual capacities; TAYLOR DARO, in Individual capacities; EVON MOODS, in Individual capacities; TONY GREEN, in Individual capacities; TAMMY, BSDC, in Individual capacities; CRYSTLE BROWN, BSDC, in Individual | |

capacities; MELISSA KING, BSDC, in Individual capacities; DEVIN CHOAT, BSDC, in Individual capacities; JESSICA ACOSTA, BSDC, in Individual capacities; ASHELY LEFTY, BSDC, in Individual capacities; LEE TIMAN, Beatrice Attorney, in Individual capacities; TIMM, Beatrice Judge, in Individual capacities; GUSTUSEN, Shieriff, in Individual capacities; MALINDA, Beatrice Sheriff, in Individual capacities; TREVOR, in Individual capacities; TERRI WAGNER, Lancaster County Sheriff, in Individual capacities; HARTMAN, Lancaster County psych Ph.d., in Individual capacities; CLAUDIUS, First name, M.D., in Individual capacities; TODD C. MOLVAR, Public Defender, in Individual capacities; CHRISTOPHER TURNER, Deputy County Attorney, in Individual capacities; TURNER, Lancaster County Jail Officer, in Individual capacities; GREGERY, Officer, in Individual capacities; PATRICK CONDON, County Attorney, in Individual capacities; HASTINGS NE, LINDSY HEMBERGER, , in Individual capacities; WENTZ, NDCS Sgt., in Individual capacities; KERN PAULSON, NDCS, in Individual capacities; ELEZEBETH HICKMAN, NDCS, in Individual capacities; GINA JOHNSON, NDCS, in Individual capacities; HOFFMAN, NDCS, Corpl., in Individual capacities; GRANT JENSEN, NDCS, in Individual capacities; KIM ISEBLE, NDCS, in Individual capacities; ERIC

2

STIEGERT, NDCS, in Individual capacities; CODY MILLER, NDCS Cpl., in Individual capacities; ANNA LEWIS, NDCS, in Individual capacities; WAGNER, NDCS, in Individual capacities; ANDREW CARICO, NDCS, in Individual capacities; KENETH BUCKINGHAM, inmate, in Individual capacities; ANDY, Inmate, in Individual capacities; BRIAN ANDERSON, inmate, in Individual capacities; and AUSTIN JORDI, inmate, in Individual capacities;

Defendants.

Plaintiff Austin Edward Lightfeather, a state prisoner in the custody of the Nebraska Department of Correctional Services ("NDCS") and confined in the Reception and Treatment Center ("RTC"), filed his Complaint, Filing No. 1, on March 14, 2025. Plaintiff sought leave to proceed in forma pauperis, Filing No. 6, and the Court directed Plaintiff to show cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(g), as Plaintiff has accumulated "three strikes," or to, alternatively, pay the Court's $405.00 filing and administrative fees, Filing No. 11. Plaintiff paid the full filing and administrative fees and the Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915A.[1] As such, Plaintiff's motion for a status review, Filing No. 62, recently filed on December 18, 2025, is granted and this order serves to advise Plaintiff of the status of this case.

---

[1] In conducting this review, the Court has also examined Plaintiff's numerous supplemental filings and letters. *See* Filing Nos. 14–17, 20–26, 30, 31, 33, 34, 38, 40–55, 58–61.

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint and supplemental filings are a disjointed, rambling narrative of events that have occurred over the past several years. Plaintiff identified 56 defendants in his Complaint, including federal and state judges, several of Plaintiff's family members, numerous NDCS staff members, NDCS inmates, attorneys, law enforcement officers, and Beatrice State Development Center ("BSDC") staff members.[2] Filing No. 1 at 9. Plaintiff alleges violations of his constitutional rights under 42 U.S.C. § 1983 and seeks damages as well as release from custody.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

---

[2] Plaintiff has filed various motions seeking to add or remove defendants from his case, which the Court will address below. *See* Filing Nos. 18, 19, 32, 56, & 57.

4

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g.*, *Williams v. Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). Among other procedural requirements, parties must formulate their pleadings in an organized and comprehensible manner:

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City*

*DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).

The primary purpose of Rule 8 is to allow the Court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the Court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994)). "A litigant cannot ignore her burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks." *Murillo v. Kittelson*, No. 8:19CV571, 2020 WL 3250231, at *3 (D. Neb. June 16, 2020) (quoting *United States v. Slade*, 980 F.2d 27, 31 (1st Cir. 1992)).

Plaintiff's Complaint and supplemental filings do not contain a "short and plain statement" of his claims nor is each claim "simple, concise, and direct." Instead, Plaintiff asks the Court to "stack every document" he has filed in this case with the case number written on the document together and consider it as one filing. Filing No. 26 at 1. Plaintiff's Complaint and supplemental filings consist of well over 200 handwritten pages filed in no discernible order, largely containing lengthy, stream-of-consciousness narratives, and totally lacking in any cohesive structure. In sum, Plaintiff's Complaint is largely unintelligible and incomprehensible, and is therefore subject to preservice dismissal under 28 U.S.C. § 1915A. *See Batchelder v. I.N.S.*, 180 F. App'x 614, 615 (8th Cir. 2006) (dismissing pro se complaint without prejudice for plaintiff's failure to provide fair notice of claim and grounds upon which it rests).

However, the Court will grant Plaintiff leave to file an amended complaint using a standard form "Complaint for Violation of Civil Rights

(Prisoner)," which is designed for actions brought under 42 U.S.C. § 1983. The Court cautions Plaintiff to follow the form's instructions carefully. If Plaintiff chooses to amend his Complaint, he must comply with Rules 8 and 10. *See, e.g.*, *Chandler v. Pogue*, 56 Fed. App'x 756 (8th Cir. 2003) (per curiam) (unpublished opinion) (holding district court did not abuse its discretion by dismissing pro se inmate's lengthy complaint for failure to comply with Rules 8 and 10).

In amending his Complaint, Plaintiff should also be mindful that the Federal Rules place restrictions on the joinder of claims and defendants into a single action. While a plaintiff may join in one action as many claims as he has against a single defendant, *see* Fed. R. Civ. P. 18(a), "[i]n actions where more than one defendant is named, such as the one at bar, the analysis under Rule 20 precedes that under Rule 18." *Houston v. Shoemaker*, No. 2:16-CV-36-CDP, 2017 WL 35699, at *2 (E.D. Mo. Jan. 4, 2017). Rule 20 provides in part: "Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed.). "[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

7

While it is unclear exactly what claims Plaintiff is attempting to assert against the 56 named defendants, it is clear that the events described in Plaintiff's Complaint and supplemental filings are not all "logically related," and that the Complaint fails to comply with Rule 20(a)(2). Any amended complaint Plaintiff files must comply with Rule 20(a)(2), in addition to Rules 8 and 10.

## IV. PLAINTIFF'S PENDING MOTIONS

Since filing his Complaint, Plaintiff has filed several motions, which the Court addresses in turn below. The Court notes that several of Plaintiff's "motions" have been liberally construed as such, even though the documents themselves do not comply with federal and local rules regarding motions. "A request for a court order must be made by motion," Fed. R. Civ. P. 7(b)(1), and should clearly be designated as such in the caption, *see* NECivR 10.1(a)(3) ("A document must plainly show the case caption, a description or designation of its contents, and the party or person/entity on whose behalf it is filed."); NECivR 10.1(b)(4) ("A document filed nonelectronically must include the same information as an electronically filed document."). Going forward, if Plaintiff wants the Court to grant a request or specific relief, then he must file a proper motion that specifically identifies the filing as a "motion" and clearly states the relief requested. *Plaintiff is warned that failure to file a request for relief or Court action as a proper motion in compliance with federal pleading rules may result in the document not being docketed as a "motion" and no action being taken on the request.*

### A. Motion for Leave to Proceed in Forma Pauperis and for Status

Upon initial filing, Plaintiff failed to submit the filing fees or a request to proceed in forma pauperis ("IFP"), and the Court directed him to do so. Filing No. 4. Plaintiff submitted a completed Form AO240 Application to Proceed in District Court without Prepaying Fees or Costs, along with several pages of

handwritten narrative, on April 7, 2025, which the Court construes as a motion to proceed IFP. Filing No. 6. On April 25, 2025, Plaintiff filed what the Court construes as a motion for status inquiring as to the status of his IFP motion. Filing No. 10. Because Plaintiff paid the Court's filing and administrative fees in full, his IFP motion and related motion for status are denied as moot.

### B. Motions for Extension

In motions filed on May 27 and June 2, 2025, Plaintiff requested an extension of the May 29, 2025, deadline to pay the Court's filing and administrative fees. Filing No. 13 at 8; Filing No. 19 at 2. Upon consideration, Plaintiff's motions for extension are granted and his filing fee payment received on June 2, 2025, is deemed timely.

### C. Motions to Amend and Add Defendants

Plaintiff filed several motions which appear to seek to add new defendants and claims for relief. *See* Filing No. 13; Filing No. 18; Filing No. 19; Filing No. 32; Filing No. 39; Filing No. 57. Subject to the procedural limitations discussed above, Plaintiff may add defendants, as well as other claims for relief, if he files an amended complaint. Accordingly, his requests to amend his claims and add new defendants are denied without prejudice to Plaintiff filing an amended complaint.

### D. Motions to Remove Defendants

Plaintiff specifically requests to remove certain defendants from this action, namely Judge Kopf and Judge Bataillon, Filing No. 18 at 2, and his family members—Brenda Mae Stinson Bower Howard Quarry,[3] Jay Stinson, Ryan Stinson, Tyler Stinson, Spencer Stinson, Jean Stinson, Roilyn Stinson, Dustin Bower, Justin Bower, Pierce Bower, Drue Bower, Valerie Noble Bower,

---

[3] In his Complaint, Plaintiff listed this defendant as "Brenda Mae Stinson, Bower, Howard, Quarry," indicating that the defendant had four last names. Filing No. 1 at 9. Because of the punctuation, the defendant's last names were listed as separate defendants on the docket sheet.

9

and Jeffrey H. Bower,[4] Filing No. 56; Filing No. 57.[5] Upon consideration, Plaintiff's requests are granted and these parties will be removed as defendants to this action.

**E. Motions Regarding Discovery**

In conjunction with removing his family members as defendants, Plaintiff also asks the Court to "remove the questions . . . [he] had for [his] family" but leave the other questions for the remaining NDCS defendants. Filing No. 57 at 1–2. Plaintiff is referring to three supplemental filings in which he posed questions to specific defendants. Filing No. 41; Filing No. 42; Filing No. 43. Liberally construed, Plaintiff's "questions" appear to be interrogatories, which Plaintiff has improperly filed with the Court. *See* NECivR 5.4(a) (discovery materials "must not be filed until needed for trial, resolution of a motion, or on the court's order"). Discovery may not yet take place in this case as this case has not yet proceeded to service of process and the Court has not entered a progression order. *See* NECivR 16.1(c) (providing that, in pro se cases, no discovery may take place until after court enters progression order after the last defendant files an answer). Accordingly, the Court will deny Plaintiff's request regarding his questions and will strike all questions as improperly filed.

The Court will also deny Plaintiff's request to obtain and review jail video, Filing No. 39, as such a discovery request is premature.

**F. Motion for Relief**

On June 13, 2025, Plaintiff filed a motion in which he discusses multiple unrelated cases proceeding before this Court, as well as the instant matter,

---

[4] "Jeffrey H. Bower" is listed as a defendant in the Complaint, *see* Filing No. 1 at 9, but was inadvertently omitted as a listed defendant on the docket sheet.

[5] Plaintiff also asks for his cousin "Domineck Cplini" to be removed, Filing No. 57 at 1, but there is no defendant by that name listed in the Complaint, *see* Filing No. 1 at 9.

requesting all of them be "granted." Filing No. 29. As relief he also seeks release from incarceration, to be removed from the sex offender registry, the "arrest" and jailing of prison employees, having a federal holiday named after him, and apparently asking this Court to bring criminal charges against individuals for crimes committed against his sister. *Id.* None of the relief Plaintiff seeks is available to him here.

First, to the extent Plaintiff seeks relief in other pending cases in this District, this Court may not address cases unrelated to this matter in this case. *See, e.g.*, *Carter v. Husker Auto Grp. & Mfr.*, No. 8:23CV218, 2024 WL 5047844, at *3 (D. Neb. Dec. 9, 2024). And, Plaintiff's relief in the instant matter is limited to only those forms that are cognizable in § 1983 actions. "The Supreme Court has explained that 42 U.S.C. § 1983 creates a species of tort liability where the basic purpose of § 1983 damages is to compensate persons for injuries that are caused by the deprivation of constitutional rights." *Markham v. Tolbert*, No. 22-CV-0187, 2022 WL 17819354, at *11, n. 1 (D. Minn. Dec. 20, 2022) (emphasis in original) (quotations omitted) (quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305–07 (1986)). "[T]o the extent plaintiff challenges the validity of his criminal sentence, whether it be by prosecutorial misconduct, . . . ineffective assistance of counsel, or other grounds," a habeas corpus action is the appropriate platform on which to proceed, not § 1983. *Morris-Bey v. 5 Semi-Unknown St. Louis Metro. City Police Officers*, No. 4:07-CV-1814, 2009 WL 724010, at *3 (E.D. Mo. Mar. 13, 2009) (citation omitted); *see Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (forms of relief that call into question the validity of a plaintiff's conviction and/or sentence are not available under § 1983).

This Court is also unable to bring criminal charges, *see, e.g.*, *Hulbin v. White*, No. CV 19-174-P, 2020 WL 13724233, at *1 (W.D. La. Apr. 14, 2020)

(dismissing case brought pursuant to 42 U.S.C. § 1983 seeking criminal charges against other individuals as outside the scope of relief available), and cannot create federal holidays, *see, e.g.*, *Yanko v. United States*, 127 Fed. Cl. 682, 685 (2016), *aff'd*, 869 F.3d 1328 (Fed. Cir. 2017) (discussing federal holidays as created by Federal statute or Executive Order). Finally, even if this Court were able to bring criminal charges against another individual, Plaintiff does not have standing to seek relief on behalf of his sister. *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Thus, for the foregoing reasons, Plaintiff's motion for relief, Filing No. 29, is denied.

### G. Requests for Investigation or Other Court Assistance

Finally, Plaintiff appears to request that the Court undertake certain investigations or provide other assistance to him with respect to his claims for relief. *See* Filing No. 13 (asks for investigation into alleged conspiracy and to obtain Plaintiff's medical records); Filing No. 47 (asks Court to file his documents with another organization). The Court will deny such requests as the Court cannot and will not act on Plaintiff's behalf to actively aid him in his litigation. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) ("[A] 'trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal "chores" for the defendant that counsel would normally carry out.'" (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004))).

### V. CONCLUSION

Plaintiff's Complaint fails to comply with federal pleading rules and, thus, fails state a claim upon which relief may be granted. However, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that states a plausible claim for relief against specific named defendants.

In amending his Complaint, Plaintiff should be mindful to clearly explain in a concise and organized fashion what the defendants did to him, when defendants did it, how defendants' actions harmed him, and what legal rights Plaintiff believes defendants violated. Plaintiff's amended complaint also must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each allegation be simple, concise and direct. Rule 10 requires Plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff must use the court-approved form to draft his amended complaint, which the Clerk of the Court will provide to him, and he should carefully read and follow the instructions in the form.

Plaintiff must **concisely** summarize the relevant allegations of his Complaint and any new allegations **in one document**. Plaintiff is warned that an amended complaint will replace his Complaint and all previously filed supplements, letters, and motions. *E.g.*, *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against the defendants will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **January 21, 2026**, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2. If Plaintiff decides to file an amended complaint, Plaintiff must include all of the claims he wishes to pursue against specific, named defendants in the amended complaint. Plaintiff should be mindful to explain what each defendant did to him, when each defendant did it, how each defendant's actions harmed him, and what specific legal rights Plaintiff believes each defendant violated. Plaintiff must use the court-approved form to draft his amended complaint, and he should carefully read and follow the instructions in the form.

3. Failure to consolidate all claims into **one document** may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will replace, not supplement, his Complaint.**

4. If Plaintiff must send his amended complaint in multiple mailings due to limitations on envelopes or the like, then he should clearly number each separately-mailed document to indicate how the documents go together.

5. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915A in the event he files an amended complaint.

6. The Clerk of the Court is directed to send to Plaintiff the Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner).

7. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **January 21, 2026**: amended complaint due.

8. Plaintiff's motion for a status review, Filing No. 62, is granted consistent with this Memorandum and Order.

9. Plaintiff's IFP motion, Filing No. 6, and motion for status, Filing No. 10, are denied as moot.

10. Plaintiff's requests for an extension of time, Filing No. 13 at 8; Filing No. 19 at 2, are granted, and Plaintiff's filing fee payment is deemed timely.

11. Plaintiff's motions to amend to add new defendants and claims for relief, Filing No. 13; Filing No. 18; Filing No. 19; Filing No. 32; Filing No. 39; Filing No. 57, are denied without prejudice to Plaintiff filing an amended complaint.

12. Plaintiff's motions to remove defendants, Filing No. 18 at 2; Filing No. 56; Filing No. 57, are granted. The Clerk of the Court is directed to update the caption by removing the following defendants as parties to this action: "Judge Batalion," "Judge Richard Kopf," "Brenda Mae Stinson," "Bower," "Howard," "Quarry," "Dustin H. Bower," "Justin R. Bower," "Pierce L. Bower," "Drue L. Bower," "Valerie Noble Bower," "Jay Glenn Stinson," "Jean Stinson," "Tyler Stinson," "Ryan Stinson," "Spencer Stinson," "Roilyn Stinson."

13. Plaintiff's motions regarding discovery, Filing No. 39; Filing No. 57 at 1–2, are denied. Plaintiff's improperly filed discovery requests, Filing No. 41; Filing No. 42; Filing No. 43, shall be stricken from the Court file.

14. Plaintiff's motion for relief, Filing No. 29, and requests for investigation or other court assistance, Filing No. 13; Filing No. 47, are denied.

Dated this 22nd day of December, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge

15