IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN EDWARD LIGHTFEATHER,

Plaintiff,

vs.

ARMSTRONG, LPD, in Individual
capacities; KIM DUMASS, Developmental
Disabilities, in Individual capacities;
TAYLOR DARO, in Individual capacities;
EVON MOODS, in Individual capacities;
TONY GREEN, in Individual capacities;
TAMMY, BSDC, in Individual capacities;
CRYSTLE BROWN, BSDC, in Individual
capacities; MELISSA KING, BSDC, in
Individual capacities; DEVIN CHOAT,
BSDC, in Individual capacities; JESSICA
ACOSTA, BSDC, in Individual capacities;
ASHELY LEFTY, BSDC, in Individual
capacities; LEE TIMAN, Beatrice
Attorney, in Individual capacities; TIMM,
Beatrice Judge, in Individual capacities;
GUSTUSEN, Sheriff, in Individual
capacities; MALINDA, Beatrice Sheriff, in
Individual capacities; TREVOR, in
Individual capacities; TERRI WAGNER,
Lancaster County Sheriff, in Individual
capacities; HARTMAN, Lancaster County
psych Ph.D., in Individual capacities;
CLAUDIUS, First name, M.D., in
Individual capacities; TODD C. MOLVAR,
Public Defender, in Individual capacities;
CHRISTOPHER TURNER, Deputy
County Attorney, in Individual capacities;
TURNER, Lancaster County Jail Officer,
in Individual capacities; GREGERY,
Officer, in Individual capacities;
PATRICK CONDON, County Attorney, in

8:25CV192

MEMORANDUM AND ORDER

Individual capacities; HASTINGS NE, LINDSY HEMBERGER, , in Individual capacities; WENTZ, NDCS Sgt., in Individual capacities; KERN PAULSON, NDCS, in Individual capacities; ELEZEBETH HICKMAN, PHD; GINA JOHNSON, NDCS, in Individual capacities; HOFFMAN, NDCS, Corpl., in Individual capacities; GRANT JENSEN, NDCS, in Individual capacities; KIM ISEBLE, NDCS, in Individual capacities; ERIC STIEGERT, NDCS, in Individual capacities; CODY MILLER, NDCS Cpl., in Individual capacities; ANNA LEWIS, NDCS, in Individual capacities; WAGNER, NDCS, in Individual capacities; ANDREW CARICO, NDCS, in Individual capacities; KENETH BUCKINGHAM, inmate, in Individual capacities; ANDY, Inmate, in Individual capacities; BRIAN ANDERSON, inmate, in Individual capacities; AUSTIN JORDI, inmate, in Individual capacities; LILLY STUREK, ZACKARY BARNES, LEXI WAGNER, JENNIFER BARNES, WIETZ, DIANA DAVIS, KALA KRUSHORN, CARDIA JORDAN, ALEN SMITH, MATTHEW PAVEY, TCHOLL, JUSTIN BUCSH, KERRI PAULSON, LIMHP; MILES, FLOOD, DUSTIN BUNDY, RAFILE, LIMHP; MOORE, Major; DANIEL MILLER, PHILLIP FIGURES, and MATTHEW PAKORNEY,

Defendants.

This matter is before the Court on Plaintiff Austin Edward Lightfeather's amended complaint filed on January 29, 2026. Filing No. 64. Plaintiff is an inmate within the Reception and Treatment Center (RTC) of the

2

Nebraska Department of Correctional Services (NDCS). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

## I.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff has sued over 60 defendants, including state and county employees, private citizens, and inmates. Plaintiff's amended complaint alleges as follows.

In 2024, Justin Buesh, Matt Pavey, and Allen Smith, who were inmates, told Cardia Jordan, Matthew Pakorney, Phillip Figures, Tcholl, and Daniel Muller, who were also inmates, that Plaintiff has sexually assaulted his mother. Plaintiff believes this false rumor was spread to ensure Plaintiff would be assaulted in the general population. Filing 64 at 3. RTC employees Lexi Wagner, Corporal Miles, and Corporal Flood began mistreating Plaintiff. Plaintiff believes they did so in retaliation for submitting a report against Pavey, which Plaintiff had not done. Filing 64 at 3.

In 2024, Wagner, Flood and Miles spit on Plaintiff's food tray on several occasions, and they planned to kill him. Filing 64 at 4. For his own safety, Plaintiff feigned being suicidal to be moved from his cell, but Carico kept returning him to the cell. Plaintiff submitted a grievance. *Id.*

In November 2024, Pavey and Buesh provided a homemade knife to Wagner as part of a plot to kill Plaintiff. Wietz and Carico were involved in the plot. Filing 64 at 4. In an effort to have Plaintiff listed on the sex offender registry, Wietz took a picture of Plaintiff on a state-issued cell phone without Plaintiff's consent.

Hickman, Paulson, and Jensen profiled and targeted Plaintiff by siding with Wietz and Wagner, with the goal of killing him. Filing 64 at 5.

Jensen and Wagner stole and read Plaintiff's outgoing mail. Plaintiff's mother asked him why did not write her, but he had sent her letters throughout 2024.

Plaintiff is an award-winning author of a book on civil rights entitled "Autism: The Fight Inside," with the author's name listed as Austin Bower. Filing 64 at 5. The book discusses the NDCS, the corruption of its administrators, and their violation of inmate civil liberties. Wagner and Jensen do not like the book, so they wanted to disparage Plaintiff's name by placing it on the sex offender registry. Pavey saw the book when he shared a cell with Plaintiff. He was jealous, targeted Plaintiff, and began stalking him in the hallway. Filing 64 at 6.

Plaintiff demands $75,000 from each defendant who spit in his food and attempted to kill him, and $100,000 from Wietz for taking his picture without his consent. He demands 75,000 from each defendant who called him a sex offender. He further requests reduction of his prison time due to the pain and suffering he has endured, (Filing 64 at 6), and an emergency transfer to the Tecumseh State Correctional Institution (TSCI) to be away from the sex offender rumors. He wants the Court to order the Nebraska State Patrol (NSP) to investigate whether any of the defendants have tried to get Plaintiff's name listed on the sex offender registry, and to confirm that Plaintiff's name is not already listed there. Filing 64 at 7.

### III. DISCUSSION

Plaintiff's amended complaint contains specific allegations against 16 of the named defendants: Buesh, Pavey, Smith, Jordan, Pakorney, Figures, Tcholl, and Muller (the "inmate defendants"), and Wagner, Miles, Flood, Carico, Wietz, Hickman, Paulson, and Jensen ("RTC defendants"). For the remaining 48 defendants, no allegations were raised, and these defendants must be dismissed for failure to state a claim.

5

### A. 18 U.S.C. § 241

Citing 18 U.S.C. § 241, Plaintiff alleges he is suing the defendants for engaging in a conspiracy to harm his character. Filing 1 at 8. Conspiracy to violate civil rights is a crime under 18 U.S.C. § 241, but this criminal statute does not support a private right of action to recover civil remedies. *U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998); *Welch v. S. Wolf*, 4:23CV3254, 2024 WL 5186893, at *2 (D. Neb. Dec. 20, 2024) (collecting cases). Plaintiff cannot assert a cognizable civil claim against the defendants under 18 U.S.C. § 241.

### B. RTC Defendants

Plaintiff alleges Hickman and Paulson "wrongfully profiled" him as a sex offender. Filing 64 at 5. Even if true, this conduct did not violate Plaintiff's constitutional rights, particularly where no adverse consequences are alleged. Plaintiff has failed to state a claim against Hickman and Paulson.

Plaintiff alleges Wagner, Flood, and Miles began mistreating him because he submitted a complaint against Pavey. The claim of being "mistreated" is too vague to support a constitutional claim. Plaintiff further alleges Wagner, Flood, and Miles plotted to kill him, Filing 64 at 4; Wietz and Carico "were involved in the plot," Filing 64 at 4; and Jensen targeted him by "siding with" Wietz and Wagner. Filing 64 at 5. Plaintiff does not allege any facts to support his belief that anyone was plotting to kill him, and he does not allege any actual attempt to kill him or any physical harm. Plaintiff's allegations of a murder plot are speculative and conclusory, and they fail to state a claim.

Plaintiff alleges Wagner, Flood, and Miles spit in his food. He describes the visual appearance of green strings of snot on his white mashed potatoes,

6

and on a later occasion, his roast beef and corn bread.[1] Other than describing what his food looked like, he provides nothing to explain why he believes that his food was contaminated or that Wagner, Flood, and Miles were responsible.[2] *See e.g., Pittman v. Gorman*, No. 423CV00031KGBPSH, 2023 WL 10511212, at *1 (E.D. Ark. Apr. 11, 2023), *report and recommendation adopted,* No. 423CV00031KGBPSH, 2024 WL 1289899 (E.D. Ark. Mar. 26, 2024) (finding unsupported claims of spitting in food were frivolous); *Roberts v. SECC Dep't of Corr.*, No. 1:22-CV-00004-SRC, 2022 WL 4016739, at *7 (E.D. Mo. Sept. 2, 2022) (dismissing claim that officers spit in inmate's food where the complaint contained no factual underpinnings in support of the claim).

Plaintiff alleges Wietz took his picture without his consent with the intent to use it for registering Plaintiff as a sex offender. Merely taking Plaintiff's photo did not violate his constitutional rights, and there are no facts alleged to support Plaintiff's belief that Wietz, or any of the defendants, were attempting to add Plaintiff to the sex offender registry.

Finally, Plaintiff claims Wagner and Jensen were stealing his mail and reading it, explaining his mother complained that she did not receive the letters he sent. Plaintiff does not allege facts to support his conclusion that Wagner and Jensen failed to send his mail, or that they were responsible for the failure to send or deliver it.

Plaintiff has failed to state a claim that the RTC defendants violated his constitutional rights.

---

[1] Plaintiff alleges the roast beef and cornbread were served on a tray received from Lilly Sturek, a case manager. Plaintiff does not allege Sturek was responsible for contaminating his food.

[2] In *Lightfeather v. Jensen, et.al.*, 8:25-cv-00724-JMG-PRSE, Plaintiff alleges Wagner, Jensen, and Amanda Woodside are spitting in his food. *Id.,* Filing 11 at 4. In *Lightfeather v. Holister*, No. 8:23CV214, 2024 WL 1676779, at *5 (D. Neb. Apr. 18, 2024), Plaintiff claimed Murphy, Osuna, Mandoza, and Vasquez were spitting in his food.

### C. Inmate Defendants

Plaintiff seeks recovery against the inmate defendants, all of whom are confined with Plaintiff. To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). The inmate defendants are not state actors, and Plaintiff has not alleged a factual basis for claiming they acted under color of state law when committing the acts alleged in the amended complaint. Plaintiff cannot bring a § 1983 claim against the inmate defendants. *Lightfeather v. Beatrice Sun Times*, 2021 WL 2002528, at *2 (D. Neb. 2021) (collecting cases).

Plaintiff alleges the inmate defendants slandered him by spreading a rumor that Plaintiff is a sex offender. Nebraska recognizes a common law claim for slander, but Plaintiff has failed to allege facts supporting diversity subject matter jurisdiction, and Plaintiff has not stated a claim arising under federal law. Under the circumstances presented, the Court will not exercise supplemental jurisdiction over any claim arising under state law.

### IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. After reviewing the allegations in Plaintiff's amended complaint, the Court finds Plaintiff has failed to state a claim upon which relief may be granted. This case will be dismissed.

Accordingly,

IT IS ORDERED:

1.    This matter is dismissed without prejudice.

2.    A separate judgment will be entered.


Dated this 26th day of March, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

9